Jed W. Manwaring ISB# 3040
EVANS, KEANE LLP
1405 W. Main Street
P. O. Box 959
Boise, Idaho 83701-0959
Telephone: (208) 384-1800
Facsimile: (208) 345-3514

**Attorneys for Idaho State Insurance Fund**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>ELIAS, ALLAN<br><br>         Debtor. | Case No.02-41640<br><br>OBJECTION TO MOTION FOR APPOINTMENT OF CRAIG JORGENSEN AS SPECIAL COUNSEL FOR THE ESTATE |

Pursuant to Bankruptcy Code § 326, the Idaho State Insurance Fund, by and through the undersigned counsel, Jed W. Manwaring of the firm Evans, Keane LLP, objects to the Amended Joint Motion for Appointment of Special Counsel[1] filed by Craig R. Jorgensen. Mr. Jorgensen holds an adverse interest against the estate, has numerous potential conflicts of interest, and is not a "disinterested person" as required by Bankruptcy Code Sections 101(14) and 327(a). Mr. Jorgensen has many connections with other interested parties in this case holding adverse interests creating potential conflicts, including but not limited to:

---

[1] The court has not entered its order approving the Appointment but Mr. Jorgensen has nevertheless sent a letter representing the Trustee demanding payment from the ISIF.

*OBJECTION TO MOTION FOR APPOINTMENT OF CRAIG JORGENSEN AS SPECIAL COUNSEL FOR THE ESTATE - 1*

1.      Jorgenson disclosed from the outset of this case that he was an unsecured creditor in the amount of $70,000 for attorney fees incurred in pre-petition civil proceedings against the Debtor and that his pre-petition debt is waived only on the condition "that the Debtor remain in Chapter 11. Should the Court grant the pending Motion to Convert to Chapter 7, Craig Jorgensen does not desire to represent the Debtor **and will not waive his pre-petition debt**." (Conditional Application to Approve Employment of Attorney Doc. # 20.)  This case was converted to Chapter 7 on November 4, 2002 and therefore Jorgensen is an unsecured creditor in the case.

2.      Jorgensen was Debtor's counsel in In Re: Western Fertilizer, Inc. Chapter 11 Case # 00-40991 in which Elias was the principal shareholder and Trustee LD Fitzgerald was appointed.  In that case Trustee Fitzgerald sued Jorgensen personally in Adversary Proceeding # 02-6144 alleging fraudulent transfers to Jorgensen.  Jorgensen sought to have Trustee Fitzgerald removed as Trustee (Doc. # 90 in case # 00-40991).  Trustee Fitzgerald holds creditor Claim # 1 for the unsecured amount of $241,254 in the present case.  Therefore Jorgensen has an adverse interest against creditor Fitzgerald in the present case.

3.      Jorgensen represented, and associated with, the law firm of Chicoine & Hallett PS in several aspects including in the Western Fertilizer, Inc. Chapter 11 case. (see Docket #103 in case # 00-40991, Joinder of Chicoine & Hallett, PS in Debtor's Motion to Terminate Trustee's Appointment.) Chicoine & Hallett PS claims a secured interest in Claim # 3 in the present case in the amount of $628,019.82.  Jorgenson formerly litigated against the major unsecured creditor Scott Dominguez holding Claim #. 8 for $23.4 million.  Therefore attorney Jorgensen has potential conflicts of interest between the secured creditor and the unsecured creditors of the present case.

4.      Jorgensen was the attorney for Debtor Elias in the state court case of Dominguez v. Elias in which the Default Judgment of $23.4 million was entered.   As detailed in the Memorandum of Decision, pgs. 6-7, Adversary Proceeding #03-6058, Docket # 15, Jorgensen acted as attorney for

*OBJECTION TO MOTION FOR APPOINTMENT OF CRAIG JORGENSEN AS SPECIAL COUNSEL FOR THE ESTATE - 2*

defendant Elias in the state court litigation. Jorgensen made a "strategic" decision to withdraw as counsel. That withdrawal left Elias with no defense in the state court litigation which then led to the Default Judgment of $23.4 million. What Jorgensen has failed to disclose to this court is that prior to his withdrawal from the state court litigation, he tendered the defense to the Idaho State Insurance Fund ("ISIF") under the employer liability provisions of its workers compensation policy which tender was denied based upon the policy exclusion for willful, intentional, and malicious acts. Now Jorgensen wants to assert that the $23.4 million Default Judgment was the fault of the ISIF for failing to defend Elias, when in fact Jorgensen is and was the key witness on the issue of Elias' failure to mitigate and defend himself in the state court action. Idaho Rule of Professional Conduct 3.7 states that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness . . . ." Jorgensen is an essential witness on key facts for which he proposes to pursue the ISIF as a defendant.

     5.    The proposed claim of the Estate against the ISIF will undoubtedly involve the application or lack of the workers compensation law of Idaho. Pursuant to Idaho Code Section 72-102(12)(a) the employer and the surety are one and the same party. Therefore, Evergreen Resources, Inc. and the ISIF for many purposes are to be treated as the same party. Jorgensen has previously represented Evergreen Resources Inc. in the state court and adversary proceedings creating yet another potential conflict when he now proposes to sue its surety, ISIF.

     6.    The above are just a few of the potential conflicts and adverse interests of Jorgensen in relation to his proposed representation of the Estate against the ISIF. After years of litigation and representation for or against every interested party in this case, the tentacles of Jorgensen's former and present clients and interests are far reaching. Under no circumstances could Jorgensen be considered to be a "disinterested person." The Court should deny the Amended Joint Motion for Appointment of Special Counsel filed by the Trustee and Jorgensen.

.          DATED this 18th day of March, 2005.

                                          EVANS, KEANE LLP


                                          By_____/s/_____
                                          Jed W. Manwaring, Of the Firm,  Attorneys for the
                                                            Idaho State Insurance Fund


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of March, 2005, I served a true and correct copy of the foregoing document on the CM/ECF Registered Participants as reflected on the Notice of Electronic filing.


                                          _____/S/_____
                                          Jed W. Manwaring